Filed 3/13/19

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| THE PEOPLE, | ) | |
| | ) | |
| Plaintiff and Respondent, | ) | |
| | ) | S075727 |
| v. | ) | |
| | ) | |
| CEDRIC JEROME JOHNSON, | ) | |
| | ) | Los Angeles County |
| Defendant and Appellant. | ) | Super. Ct. No. TA037977 |
| _____ | ) | |

### ORDER MODIFYING OPINION AND
### DENYING PETITION FOR REHEARING

THE COURT:

The opinion in this matter filed December 27, 2018, and appearing at 6 Cal.5th 541, is modified as follows:

1. On pages 572–573 of the opinion, in the paragraph that begins, "The legal principles governing a *Marsden* motion," the third sentence that begins, "But the trial court has" is deleted along with the remainder of the paragraph. This text is inserted in its place:

In *People v. Sanchez* (2011) 53 Cal.4th 80, we held that if a defendant requests substitute counsel "at any time during criminal proceedings," the trial court must, under *Marsden*, "give the defendant an opportunity to state any grounds for dissatisfaction with the current appointed attorney." (*Id.* at p. 90.) But when a defendant asks for new counsel, a trial court's duty to undertake the *Marsden* inquiry "arises '*only when the defendant asserts directly or by implication* that his counsel's performance has been so inadequate as to deny him his constitutional right to effective counsel.' " (*People v. Leonard* (2000) 78 Cal.App.4th 776, 787.)

1

As modified, the new paragraph reads as follows:

The legal principles governing a *Marsden* motion are well settled. " ' "When a defendant seeks to discharge his appointed counsel and substitute another attorney, *and asserts inadequate representation*, the trial court must permit the defendant to explain the basis of his contention and to relate specific instances of the attorney's inadequate performance." ' " (*People v. Vines* (2011) 51 Cal.4th 830, 878, italics added; cf. *People v. Wharton* (1991) 53 Cal.3d 522, 580 ["When the basis of a defendant's dissatisfaction with counsel is set forth in a letter of sufficient detail, however, a full-blown hearing is not required"].) In *People v. Sanchez* (2011) 53 Cal.4th 80, we held that if a defendant requests substitute counsel "at any time during criminal proceedings," the trial court must, under *Marsden*, "give the defendant an opportunity to state any grounds for dissatisfaction with the current appointed attorney." (*Id.* at p. 90.) But when a defendant asks for new counsel, a trial court's duty to undertake the *Marsden* inquiry "arises '*only when the defendant asserts directly or by implication* that his counsel's performance has been so inadequate as to deny him his constitutional right to effective counsel.' " (*People v. Leonard* (2000) 78 Cal.App.4th 776, 787.)

2. On page 573 of the opinion, in the paragraph that currently begins, "Defendant did not assert inadequate performance," the first sentence and the final sentence of that paragraph are deleted. The following sentences are inserted in place of the original final sentence:

Here, defendant failed to link his request to counsel's performance at that point or any earlier point in the proceedings. Particularly in light of defendant's repeated misconduct and disruptions, neither request directly or by implication sought to convey a genuine complaint about counsel's performance, rather than a generalized

2

but persistent frustration with the court and the proceedings.  (*People v. Leonard, supra*, 78 Cal.App.4th at p. 787; see *People v. Martinez* (2009) 47 Cal.4th 399, 421 ["we agree with the decisions of the Courts of Appeal holding specifically that the trial court is not required to conduct a *Marsden* hearing on its own motion"].)

As modified, the paragraph now reads as follows:

At the hearing on July 7, which began with defendant spitting on his attorney and included his repeated outbursts and copious profanity and insults directed at the court, defendant said "Fuck you" and then said, "I ask that I be allowed another attorney."  When the court responded, "I am not getting you another attorney," defendant replied, "I'll get me one."  At another status conference the following week, defendant interrupted the court to announce he "would like a continuance and another counsel.  Under the Sixth Amendment—."  The court said, "Denied," without specifying whether it was denying the motion on the ground that defendant had interrupted the court or was denying it as insufficient.  Here, defendant failed to link his request to counsel's performance at that point or any earlier point in the proceedings.  Particularly in light of defendant's repeated misconduct and disruptions, neither request directly or by implication sought to convey a genuine complaint about counsel's performance, rather than a generalized but persistent frustration with the court and the proceedings.  (*People v. Leonard* (2000) 78 Cal.App.4th 776, 787; see *People v. Martinez* (2009) 47 Cal.4th 399, 421 ["we agree with the decisions of the Courts of Appeal holding specifically that the trial court is not required to conduct a *Marsden* hearing on its own motion"].)

The modification does not affect the judgment.  The petition for rehearing is denied.